IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

EUSTACIO OSTIGIN,                         §
                                          §
            *Petitioner*,                 §
                                          §
v.                                        §        CIVIL ACTION NO. H-10-2879
                                          §
RICK THALER,                              §
                                          §
            *Respondent*.                 §

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition

challenging his 2003 conviction for sexual assault.  Respondent filed a motion for summary

judgment based on expiration of limitations (Docket Entry No. 10), to which petitioner filed

a response (Docket Entry No. 11).

Based on careful consideration of the pleadings, the motion and response, the record,

and the applicable law, the Court GRANTS the motion for summary judgment and

DISMISSES this case as barred by limitations.

*Background and Claims*

Petitioner was convicted of sexual assault on August 29, 2003, in Grimes County,

Texas, and sentenced to forty years confinement.  The conviction was affirmed on appeal,

and no petition for discretionary review was filed.  *Ostigin v. State*, No. 14-03-01081-CR

(Tex. App – Houston [14th Dist.] 2005, no pet.).

Petitioner did not file an application for state habeas relief until March 30, 2010.  The application was denied by the Texas Court of Criminal Appeals on June 30, 2010.  Petitioner filed the instant federal habeas petition on August 6, 2010, raising habeas claims of actual innocence, jury bias, ineffective assistance of trial counsel, and prosecutorial misconduct in using his prior criminal offenses to show character in conformity therewith.

Respondent argues that petitioner's claims are barred by limitations and should be dismissed.  Petitioner contends that he is entitled to four years' equitable tolling due to his counsel's misrepresentations.

*Analysis*

The instant petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

Limitations commenced in the instant case on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244 (d)(1)(A).  Because petitioner's conviction was affirmed on June 21, 2005, and he did not seek discretionary review, his conviction became final for purposes of AEDPA one month later, on July 21, 2005.  Thus, absent tolling, limitations expired one year later, on July 21, 2006, and the instant federal petition is untimely by over four years.

Limitations is tolled under the statute during the pendency of a properly filed application for state habeas relief.  *Id.*, § 2244(d)(2).  However, an application for state habeas relief filed *after* expiration of the federal limitation has no tolling effect.  *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Because petitioner's state habeas application was filed well after July 21, 2006, it was filed after expiration of limitations and provided no tolling effect.

3

Petitioner acknowledges that there is no basis for statutory tolling in his case, and argues instead that he is entitled to equitable tolling because his attorney lied to his family about the status of his case.  A federal habeas petitioner is entitled to equitable tolling only if he shows that he had been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing.  *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).  The diligence required is reasonable diligence, not maximum feasible diligence, and equitable tolling is unavailable to those who sleep on their rights.  *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2560, 2565 (2010); *Covey v. Ark. River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).

As petitioner correctly notes, the Fifth Circuit Court of Appeals recognizes that extraordinary circumstances may exist where an attorney actively misleads his client into believing a timely state habeas application was filed.  *U.S. v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).  Although intentional deceit of that type can warrant equitable tolling, the petitioner must show that he reasonably relied on his attorney's deceptive misrepresentations. *U.S. v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).

A review of petitioner's pleadings and response in the instant case evinces neither extraordinary circumstances nor his exercise of reasonable diligence.  Petitioner asserts that he was actively mislead for three years by his attorney, who repeatedly informed petitioner's family (but not petitioner) that he was pursuing state habeas relief.  Petitioner alleges that counsel was retained to file the state habeas application in June of 2005, and that counsel

4

continued telling his family for "approximately 36 months" thereafter that he was working on the state habeas application and that "everything was fine." (Docket Entry No. 5, p. 3.)

In support of his claim that he was actively misled for three years by trial counsel, petitioner submits a "To Whom It May Concern" letter purportedly written by his sister,[1] within which the sister stated that she gave money to petitioner's attorney on November 27, 2006, and that the attorney told her he had filed a "habeas corpus" in Grimes County on behalf of petitioner. She further stated that she had made numerous calls to the attorney's office afterwards, and that he returned only one of her calls. No dates are provided for these calls nor does the sister disclose what counsel told her during their call. Significantly, her letter, even if it were an affidavit, provides no support for petitioner's assertions that the attorney repeatedly told his family for three years that "everything was fine."

Petitioner's reliance on *Wynn* is misplaced. Even assuming equitable tolling applies where an attorney had no direct contact with his client but actively misled other persons, petitioner here submits no probative summary judgment evidence in support of his claim that counsel actively mislead his family for *three years*. Petitioner's own allegations of what his

---

[1]The letter does not constitute an affidavit under state or federal law, and contains inadmissible hearsay statements. *See Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 645–46 (Tex. 1995) (org. proceeding). *See also Dorsett v. Board of Trustees for State Colleges and Universities,* 940 F.2d 121, 123 (5th Cir. 1991); *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980). Nor does the letter meet the requirements of 28 U.S.C. § 1746(2). In short, the letter does not constitute probative summary judgment evidence.

5

family members were told by counsel stand as non-probative hearsay.  No extraordinary circumstances meriting four year's equitable tolling are established in this case.

Nor does petitioner demonstrate that he exercised reasonable diligence in pursuing his rights.  Petitioner states in his response that, not until May of 2009, nearly four years after counsel was retained, did petitioner begin "doing things without the assistance of family members" and contacted his attorney and the courts to check the status of his case.  Petitioner avers that at some point in October 2009, he realized no state habeas application had been filed, and he began preparing a *pro se* habeas application.  *Id.*, p. 4.  However, the application was not filed until March 30, 2010, some five months later.[2]  Petitioner posits no explanation for his own five-month delay in pursuing habeas relief, and no reasonable diligence is shown regarding petitioner's delay.

Likewise, petitioner presents no probative summary judgment evidence that he acted with reasonable diligence prior to October of 2009.  His pleadings and response show that he himself never communicated with his attorney, and that he left his legal matters to his family to handle.  Because petitioner states that counsel was retained in June of 2005 and that he thereafter misled petitioner's family for thirty-six months, petitioner necessarily states that counsel did not mislead petitioner's family after June of 2008.  Petitioner's pleadings and response, however, show that petitioner took no further action until May of 2009, nearly one

---

[2]Petitioner also states that, although counsel sent him a copy of a motion for DNA analysis in October 2009, the Grimes County Clerk informed him that counsel "ha[d] NOT filed any paperwork."  (Docket Entry No. 5, p. 4, original emphasis.)

year later, when he began contacting counsel and the courts on his own. This lengthy delay

does not evince the exercise of reasonable diligence on the part of petitioner.

Accordingly, petitioner's argument that he is entitled to four year's equitable tolling

is unsupported in the record, and his federal habeas claims are barred by limitations.

<em>Conclusion</em>

Respondent's motion for summary judgment (Docket Entry No. 10) is GRANTED.

The petition for a writ of habeas corpus is DENIED as barred by limitations, and this case

is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT.

A certificate of appealability is DENIED.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on April 19, 2011.

_____

Gray H. Miller
United States District Judge